## Case No. 15,604.

### UNITED STATES v. LINENS.

[16 Leg. Int. 388;[1] 3 Phila. 523.]

District Court, E. D. Pennsylvania. Dec. 9, 1859.

CUSTOMS DUTIES—FORFEITURE—EXACTING PENAL DUTIES.

The goods in this case had been delivered to the claimant on his execution of a bond with surety, approved conformably to the provisions of the eighty-ninth section of the act of 1799 [1 Stat. 695]. Judgment of condemnation having been afterwards rendered, the amount of the bond was paid into court. A commissioner was appointed to distribute the fund thus in court. The commissioner's report showed that in the course of the proceedings for the delivery of the goods to the claimant, the penal duty of 20 per cent. had been exacted from him by the collector, in addition to the regular duties. The claimant paid the amount of the penal duties, protesting against its exaction, and, before the commissioner, claimed its return to him out of the money in court. The commissioner reported that it should be returned accordingly. The United States excepted to the report.

Mr. Van Dyke, Dist. Atty., in support of the exception.

Mr. Loughead, for claimant.

CADWALADER, District Judge. The subject of this exception has been, in part, considered in the opinion of the court delivered to-day in the case of U. S. v. Segars [Case No. 16,249], Mayoz, claimant. According to the opinion of the supreme court expressed in [U. S. v. Sixty-Seven Packages of Dry Goods] 17 How. [58 U. S.] 93, 94, the exaction of the penal duty, after the prosecution to forfeit the goods had been instituted, was illegal. It has been said, however, that, in the present case, the appraisers, before the return of their valuation, deducted from it the amount of the regular duty, and that, consequently, the whole amount, which, if the exception should be sustained, will be received by the United States, will not exceed the sum rightly receivable. The question whether the amount of the regular duties was, in fact, thus deducted by the appraisers from the valuation, cannot be judicially investi-

gated. According to the decision in [Hoyt v. U. S.] 10 How. [51 U. S.] 137, the court must assume that the goods were properly appraised at their market value. The case is, therefore, simply that of an exaction, by the collector, of an excess above the amount of duties properly receivable. The district attorney objects to the reimbursement of this excess out of the fund in court. He contends that it is only recoverable in an action against the collector, and insists that the present demand of this claimant against the United States should, no more than any distinct independent demand of the same party, be deducted from the fund in court.

In his argument, the difference between the exaction of such a payment by the collector, before information filed at the suit of the United States, and its exaction afterwards, has been overlooked. When the information is filed the goods are taken out of the hands of the collector, and pass into those of the marshal, whose custody from thenceforth is that of the court. [Ex parte Hoyt] 13 Pet. [38 U. S.] 279. In the present case, if payment of the penal duty had been exacted before information filed, the goods, according to the above cited opinion in 17 How. [58 U. S.] would have been exempted from liability to forfeiture. They have nevertheless been condemned as forfeited. The collector's act after the information filed, could not affect the result of the prosecution. The present is a converse question. The claimant became entitled to a delivery of the goods to him upon payment of the duties assessed, as if they had been legally entered. When the collector exacted the payment of a greater amount, the proceeding was under the direction and control of the court. The claimant was entitled to the court's protection against the demand of the excess. Its payment was, however, exacted, the collector and naval officer having refused to give a receipt for the duties until it was paid. Such an exaction, after information filed, should be redressed on a principle similar to that which would apply if the exaction had been made by the marshal or other officer of the court. The excess which passed into the hands of the collector has been accounted for by him to the United States, who now demand, in effect, the double forfeiture of this penal amount. The act of the court would therefore sanction a wrong, if the commissioner's report should not be confirmed. The wrong would result from a proceeding which has been, or ought to have been, from its commencement, under the direction and control of the court. This cannot be permitted. The case is not within the statutes and rules of decision applicable to ordinary cases of duties paid under protest. The commissioner's report is consequently confirmed.

---

UNITED STATES v. LINENS. See Case No. 16,249.

[1] [Reprinted from 16 Leg. Int. 388, by permission.]